UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LAMAR FOSTER,<br><br>Petitioner,<br><br>v.<br><br>JOSIE GASTELO, *Warden of California Men's Colony*,<br><br>Respondent. | No. 1:19-cv-00860-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 13) |

Petitioner Craig Lamar Foster is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 7, 2019, the assigned magistrate judge issued findings and recommendations, recommending the the petition for federal habeas corpus relief be denied on its merits. (Doc. No. 13.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service of that order. Thereafter, petitioner requested, and the court granted, a thirty (30) day extension of time to file objections to the findings and recommendations. (Doc. Nos. 14, 15.) On January 13, 2020, petitioner timely filed objections to the findings and recommendations. (Doc. No. 16.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Petitioner's objections fail to present any grounds for questioning the magistrate judge's analysis because he merely reiterates therein the arguments raised in his petition for habeas corpus. (Doc. No. 16.) In the pending findings and recommendations, the magistrate judge thoroughly reviewed petitioner's arguments that: 1) his trial attorney provided ineffective assistance by failing to move for an acquittal of petitioner on the attempted murder charge brought against him; 2) the trial court erred by not providing the jury a more thorough instruction with respect to the law regarding transferred intent; and 3) the trial court erred by giving a supplemental jury instruction on imperfect self-defense. (Doc. No. 13 at 19–35.) After reviewing the relevant legal standards and applying those standards to petitioner's claims of ineffective counsel, jury instruction and trial court error, the magistrate judge properly concluded that federal habeas corpus relief was unavailable to petitioner in connection with those claims. (*Id.*)

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on November 7, 2019 (Doc. No. 13), is adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1.) is denied with prejudice;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 9, 2020**

UNITED STATES DISTRICT JUDGE